IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. **21-cr-273-WJM**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

1.    DIEGO IRAM ADAME-VILLALOBOS

        Defendant.

## UNOPPOSED MOTION FOR AN ENDS OF JUSTICE CONTINUANCE OF NINETY DAYS

COMES NOW, the Defendant, Diego Adame-Villalobos, by and through his CJA appointed counsel, R. Scott Reisch, and hereby moves this court for an Ends of Justice Continuance of ninety days pursuant to 18 U.S.C. § 3161. As grounds therefore, counsel states as follows:

1. Undersigned counsel has conferred with counsel for the government, AUSA Albert Buchman and is authorized to state that he does not oppose a continuance of 90 days.

2. On July 18, 2022, undersigned counsel was appointed pursuant to the Criminal Justice Act and entered his appearance in the above captioned matter. Mr. Adame-Villalobos's case is currently set for Jury Trial on November 28, at 8:30 am.

3. Following his entry in Mr. Adame-Villalobos' case, and upon Mr. Adame-Villalobos' request, undersigned counsel requested records potentially relevant

to a defense to the charges in this case and in Mr. Adame-Villalobos' supervised release violation (22-mj-00126).  Since obtaining these materials, Mr. Adame-Villalobos has been engaging in ongoing negotiations with the Government concerning 21-CR-273 and 22-mj-00126 and undersigned counsel requires additional time to confer with the Government and finalize negotiations prior to filing motions.

4. Without additional time, defense counsel is certain that he would not be able to provide effective assistance of counsel to Mr. Adame-Villalobos. The failure to grant a continuance of the motions and trial dates could well result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i).

5. The failure to grant such a continuance would also deny counsel for Mr. Adame-Villalobos the reasonable time necessary for the effective preparation of this case, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).  Mr. Adame-Villalobos's case involves multiple, overlapping, and potentially conflicting timelines.  Exercising due diligence, undersigned counsel believes that an exclusion of ninety days is necessary to access Mr. Adame-Villalobos' defenses and continue negotiation in light thereof.

6. In *United States v. Toombs,* 574 F.3d 1262, 1268-1269 (10th Cir. 2009), the Tenth Circuit held certain pre-requisites must be satisfied for a continuance to qualify as an excludable "ends-of-justice" continuance under section 18 U.S.C. §3161 (h)(7)(A).  First, the Court must consider:

    (i)     Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

  (ii)  Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];

  (iii)  Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is cause because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161 (b), or because of the facts upon which the grand jury must base its determination are unusual or complex;

  (iv)  Whether the failure to grant such a continuance in a case, which, taken as a whole, is not so unusual or so complex as fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161 (h)(7)(B)(i) – (iv).

8. "After considering these factors, the court must set forth its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *United States v. Hill,* 197 F.3d 346, 441 (10th Cir. 1999), § 3161 (h)(7)(A). The

    balancing must occur contemporaneously with the granting of the continuance. *Id.*

9. Defendant requests the Court to enter findings that:

   (a) Defendants' motion, adequately describes the various factors that render the case unusually complex or involving novel legal questions necessitating a continuance of the trial and the filing deadlines in this case, under 18 U.S.C. § 3161(h)(7)(B)(ii).

   (b) Defense counsel needs a reasonable amount of time to examine additional materials and access their impact on Mr. Adame-Villalobos's cases prior to filing relevant motions, prepare pretrial motions, prepare for pretrial hearings, react to the Court's rulings on anticipated pretrial motions, continue ongoing negotiations, and finalize preparation for trial;

   (c) That failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161 (c) would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161 (h)(7)(B)(i). That even considering due diligence, failure to grant the motion would deny counsel for defendants the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161 (h)(7)(B)(iv);

   (d) That an additional ninety days from the current speedy trial deadline should be excluded from the computation of the speedy trial time; and

      (e)      That the ends of justice served by granting the motions outweigh the best interests of the public and defendants in a speedy trial within the meaning of 18 U.S.C. § 3161 (h)(7)(A).

WHEREFORE, Mr. Adame-Villalobos respectfully requests that the Court make an ends and of justice finding based on complexity, novel legal issues and/or the need for effective preparation and to prevent manifest injustice under Title 18 U.S.C. § 3161 (h)(7)(A) and (B)(i), (ii) and (iv), and exclude a period of ninety days from the current Speedy Trial clock, and for such other and further relief as to the Court deems.

Dated this 21st day of October, 2022.

Respectfully submitted,

s/ R. Scott Reisch
**R. Scott Reisch, #26892**
The Reisch Law Firm, LLC
1490 West 121st Ave., Suite 202
Denver, CO 80234
Telephone:  (303) 291-0555
FAX: (720) 904-5797
E-mail: scott@reischlawfirm.com
cassandra@reischlawfirm.com
Attorney for Defendant Diego Iram Adame-Villalobos

## CERTIFICATE OF SERVICE

I hereby certify that on 21st day of October, 2022, I electronically filed the foregoing **UNOPPOSED MOTION FOR AN ENDS OF JUSTICE CONTINUANCE OF NINETY DAYS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- Albert C. Buchman
- al.buchman@usdoj.gov

- Valeria Spencer
- Valeria.apencer@usdoj.gov

    s/ R. Scott Reisch
**R. Scott Reisch, #26892**
Attorney for Defendant Diego Iram Adame-Villalobos
The Reisch Law Firm, LLC
1490 West 121st Avenue, Suite 202
Denver, CO 80234
Telephone: (303) 291-0555
FAX: (720) 904-5797
E-mail: scott@reischlawfirm.com
cassandra@reischlawfirm.com